# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG OPINSKI CONSTRUCTION, INC., a California Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRASWELL CONSTRUCTION, INC., a California Corporation; THE EXPLORER INSURANCE COMPANY, an unknown entity; and DOES 1 through 40, inclusive,<br><br>　　　　　Defendants.<br>_____ | 1:09-cv-00641 LJO GSA<br><br>ORDER RE MOTION FOR STAY<br><br>(Doc. 18) |

On August 27, 2009, Defendant Braswell Construction, Inc. ("Braswell") filed a Motion for Stay of Proceedings pursuant to Title 9 of the United State Code section 3. (Doc. 18; *see also* Docs. 19-21.) On October 5, 2009, Plaintiff Greg Opinski Construction, Inc. ("Opinski") filed an Opposition to the motion. (Doc. 23; *see also* Doc. 24.) Thereafter, on October 14, 2009, Braswell filed its reply to the opposition. (Doc. 26; *see also* Doc. 27.) On October 20, 2009, the Court determined the matter was suitable for decision without oral argument pursuant to Local Rule 78-230(h). Thus, the hearing scheduled for October 23, 2009, was vacated. (Doc. 28.)

//

1

**RELEVANT PROCEDURAL HISTORY**

On April 9, 2009, Opinski filed a complaint asserting breach of contract, recovery on payment bond, and quantum meruit, naming Braswell Construction, Inc. and The Explorer Insurance Company ("Explorer") as defendants. (Doc. 1.) On May 22, 2009, Braswell filed its answer to the complaint. (Doc. 9.) On June 3, 2009, Explorer filed its answer to the complaint. (Doc. 10.)

On July 15, 2009, this Court conducted a scheduling conference with the parties. Various discovery deadlines and hearings were scheduled, including a jury trial set before District Judge Lawrence J. O'Neill on June 28, 2010. (Doc. 17.)

On August 27, 2009, Braswell filed the instant motion. (Doc. 19.) No other matters are currently pending before the Court.

**DISCUSSION**

*The Parties' Positions*

Braswell seeks a stay of the instant proceedings based upon Title 9 of the United States Code section 3, the Federal Arbitration Act. Braswell asserts that in November 2007, it and Opinski entered into an agreement for construction of the Hodgson Duplex in Yosemite National Park. More particularly, paragraph 22 of the agreement provides that

> [a]ny controversy or claim arising out of or relating to this contract or the breach thereof which is not resolved pursuant to the provisions of paragraph 11 shall be exclusively resolved through and under the auspices of the American Arbitration Association in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.

(Doc. 21, Ex. A, ¶ 22.) Braswell asserts that because Opinski's complaint concerns claims arising out of the contract and purported breach thereof, this action should be stayed pending arbitration proceedings. (Doc. 19 at 2-3.)

Opinski opposes the motion on the grounds that Braswell "failed to file a Petition to Compel Arbitration" and participated in discovery as a part of the instant proceedings. Thus, according to Opinski, Braswell has waived its right to arbitration and the stay must be denied.

2

Additionally, Opinski argues that this Court has exclusive jurisdiction over the matter because Braswell was served with the summons and complaint on April 22, 2009, prior to it having filed any demand for arbitration. (Doc. 23 at 1-5.)

In reply, Braswell asserts that a petition to compel arbitration was unnecessary and inappropriate because the arbitration agreement between Braswell and Opinski is self-executing. (Doc. 26 at 2-3.) Braswell further replies that it did not waive any right to demand arbitration pursuant to the agreement between the parties as it has consistently claimed its right to arbitrate, asserted that right as an affirmative defense in its answer, and attempted to ascertain Opinski's voluntary compliance to the provision prior to filing the instant motion with the Court. Neither, asserts Braswell, has it unreasonably delayed in seeking to arbitrate the matter, nor is Opinski prejudiced in any way as a result of Braswell's actions. (Doc. 26 at 4-6.)

***Applicable Statute & Legal Standard***

Title 9 of the United States Code section 3 provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall upon application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the application for the stay is not in default in proceeding with such arbitration.

For purposes of the Federal Arbitration Act ("FAA"), "arbitration" is an agreement to submit a dispute to decision by a third party. 9 U.S.C. § 1, *et seq*.

The FAA creates "a body of federal substantive law of arbitrability." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983). It is applicable in both state and federal courts. Thus, unless the agreement provides otherwise, all questions regarding interpretation of arbitration agreements are determined by federal standards. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006); *Moses H. Cone Mem. Hosp.*, 460 U.S. at 22-24. Any question concerning arbitrability must be addressed with a healthy regard for the

federal policy favoring arbitration. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). The FAA establishes that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24-25; *Simula, Inc.*, 175 F.3d at 719; *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1209 (9th Cir. 1998).

"Arbitration is a matter of contract and a party cannot be required to submit any dispute which he has not agreed so to submit." *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986) (citations omitted); *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1139 (9th Cir. 1991). As with any contract, the parties' intentions control. *Three Valleys Mun. Water Dist.*, 925 F.2d at 1139. However, the parties' intentions are generously construed to issues of arbitrability. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The court's role is limited to determining: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2001). If both questions are answered in the affirmative, the FAA requires the court to enforce arbitration. *Id*.

When a party contends issues must be decided by arbitration, federal substantive law governs the question of arbitrability. *Simula, Inc. v. Autoliv, Inc.*,175 F.3d at 719. However, the federal policy favoring arbitration is inapplicable to the determination of whether a valid agreement to arbitrate between the parties exists and ordinary contract principles determine who is bound. *Comer v. Micor, Inc.*, 436 F.3d 1098, 1104 n.11 (9th Cir. 2006). In determining the validity of an agreement to arbitrate, courts "should apply ordinary state-law principles that

govern the formation of contracts." *FirstOptions of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening [section] 2." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686 (2000). "Courts may not, however, invalidate arbitration agreements under state laws applicable only to arbitration provisions." *Id.*; *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 937 (9th Cir. 2001).

*Analysis*

Here, Braswell and Opinski entered into a Subcontract Agreement on October 1, 2007. As a part of that agreement, each party agreed to arbitrate "[a]ny controversy or claim arising out of or relating to this contract or the breach thereof." (Doc. 21, Ex. A, ¶ 22.) Opinski does not challenge the validity of the agreement to arbitrate. Therefore, this Court finds a valid agreement to arbitrate controversies or claims amongst the parties existed. *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d at 1130.

Moreover, Opinski's complaint alleges that (1) Braswell breached the contract "on multiple occasions" by "failing and refusing" to pay Opinski in accordance with the agreement (Doc. 1, ¶ 17); and (2) Braswell, by its failure to pay pursuant to the contract between the parties, was unjustly enriched for it profited by the use of goods, services, materials and labor provided by Opinski (Doc. 1, ¶¶ 30-31). In light of the foregoing, this Court further finds the parties' agreement to arbitrate encompasses the instant dispute. *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d at 1130.

**Waiver**

Opinski asserts that Braswell has waived its right to arbitration. Braswell contends there is no waiver.

In *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1124 (9th Cir. 2008), the Ninth Circuit identified the following factors in determining whether a party had waived its right to demand arbitration: (1) whether the party's actions are inconsistent with the right to arbitrate; (2)

whether the party substantially invoked litigation machinery (e.g., motions going to the merits of the claim) before notifying the opposing party of an intent to arbitrate; (3) whether the party either requested arbitration close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counter-claim without asking for a stay of the proceedings; (5) whether important intervening steps (e.g., taking advantage of judicial discovery procedures not available in arbitration) had taken place; and (6) whether the delay affected, misled or prejudiced the opposing party.

Considering the factors identified above, this Court has determined that: (1) Braswell's actions are not inconsistent with a right to arbitrate for it plainly referenced arbitration agreement in its answer as its first affirmative defense (Doc. 9 at 5); (2) Braswell has not substantially invoked litigation machinery for it has not filed any motion going to the merits of the claim prior to notifying Opinski of its intent to arbitrate; (3) Braswell has not delayed prior to seeking a stay of the instant proceedings, and in fact acted in a reasonable manner; (4) Braswell has not filed a counter-claim without asking for a stay of these proceedings; (5) no important intervening steps have taken place in this matter; and (6) no delay has occurred as a result of Braswell's actions so as to affect, mislead or prejudice Opinski.

Additionally, with specific regard to discovery in this matter, only the initial disclosure deadline has passed, to wit: August 14, 2009. (Doc. 17 at 2; *see also* Doc. 14 at 3.) Thus, this is not a case wherein significant discovery has been undertaken and completed, prior to one party filing a motion to stay the action.

Braswell has not waived its right to arbitration. *Cox v. Ocean View Hotel Corp.,* 533 F.3d at 1124. Moreover, because this Court found a valid agreement to arbitrate existed between the parties, and that the agreement encompasses the dispute now pending before this Court, it must stay this action. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. at 218.

//

//

6

**Enforcement Procedures**

Opinski also contends that Braswell was required to file a petition for order compelling arbitration, and because it failed to do so, it may not properly move to stay these proceedings. (Doc. 23 at 3.)   Braswell replies that such a filing is unnecessary and unavailable.  (Doc. 26 at 2-3.)

The FAA provides two methods for enforcing arbitration: (1) an order compelling arbitration of a dispute; and (2) a stay of pending litigation raising a dispute referable to arbitration.  9 U.S.C. §§ 3-4.  Clearly, both methods are not required given the permissive language employed in the statute: section 4 of the code provides that "a party to an arbitration agreement covered by the FAA *may* petition the district court . . ."

Morever, Braswell argues that because the agreement between the parties is self-executing a petition to compel arbitration is not necessary.  Here, the parties agreed to arbitrate disputes, and the agreement expressly includes language that the matter will be arbitrated in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.  (Doc. 21, Ex. A, ¶ 22.)

"A 'self-executing' arbitration clause is one which permits and provides for arbitration under rules therein incorporated" without the need for a prior court order.  *Mitchum, Jones & Templeton, Inc. v. Chronis*, 72 Cal.App.3d 596, 601, 140 Cal.Rptr. 160 (1977); *see also Nat'l Marble Co. v. Bricklayers & Allied Craftsmen*, 184 Cal.App.3d 1057, 1063, 229 Cal.Rptr. 653 (1986) (stating an agreement's "provisions are self-executing in . . . that they set forth, without the necessity of resort to extrinsic material, the procedure to be followed . . . in deciding contractual disputes").  This Court finds that the agreement between Opinski and Braswell is self-executing, and thus, a prior court order is not required.

In any event, Opinski has not been asked to participate in arbitration proceedings that it did not previously agree to (*AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. at 648; *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d at 1139),

and this Court has determined that both a valid agreement to arbitrate exists and that the agreement encompasses the dispute giving rise to this action, therefore, the matter must be stayed (*Dean Witter Reynolds, Inc., v. Byrd*, 470 U.S. at 218).

## CONCLUSION

Defendant Braswell Construction, Inc.'s Motion for Stay of Proceedings is **GRANTED**. This matter shall be stayed during the pendency of arbitration proceedings.  Upon completion of arbitration, the parties are ordered to inform this Court forthwith, move to lift the stay, and file appropriate documents for the completion or continuation of this case.

IT IS SO ORDERED.

Dated:   **November 9, 2009**                    /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

8