UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREG OPINSKI CONSTRUCTION, INC., a California Corporation,**<br><br>Plaintiffs,<br><br>v.<br><br>**BRASWELL CONSTRUCTION, INC. a California Corporation; THE EXPLORER INSURANCE COMPANY, an unknown entity; and DOES 1 through 40, inclusive,**<br><br>Defendants. | 1:09-cv-00641 LJO SKO<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEFENDANT THE EXPLORER INSURANCE COMPANY'S MOTION FOR ATTORNEY FEES PURSUANT TO FRCP 68 (DOC. 68)** |

## I. INTRODUCTION

This is a contract dispute concerning construction of a duplex in Yosemite National Park (the "Park"). Defendant Braswell Construction, Inc., ("Braswell") operated as general contractor on the project under a prime contract with the Park. Doc. 61, Ex. A at 1. Braswell entered into a subcontract with Plaintiff Greg Opinski Construction, Inc., ("Opinski") to perform most of the work on the duplex. Compl. ¶ 15 & Ex. A (*see* Doc. 65). The Explorer Insurance Company ("Explorer") issued a Miller Act surety bond to guarantee completion of the project. Compl., ¶ 21 & Ex. B (*see* Doc. 65).

Before the court for decision is Explorer's motion to recover $7,113.00 in attorney's fees from Opinski pursuant to Federal Rule of Civil Procedure 68. Doc. 68. Opinski opposes the award. Doc. 70. Explorer replied. Doc. 72. The motion was originally set for hearing January 5, 2012, but the hearing was vacated and the matter submitted for decision on the papers. *See* Doc. 71.

1

## II. BACKGROUND

A number of disputes arose between Braswell and Opinski during the construction of the duplex, ending in Braswell's termination of Opinski in early 2009. Opinski filed the instant lawsuit on April 9, 2009, alleging Braswell breached the subcontract by failing to pay sums due Plaintiff under the contract and by improperly terminating the contract. *See* Compl. at ¶¶ 13-18.

On November 10, 2009, Magistrate Judge Gary S. Austin stayed the case and ordered the parties to arbitration. Doc. 29. Only Braswell and Opinski participated in the arbitration. *See* Doc. 66 at 2-3. The Arbitrator determined Braswell owed Opinski $120,294.74 under the contract; $108,194.00 in attorney's fees and costs incurred during the course of the arbitration; interest on the contract and attorney's fees awards at the rate of 10% from the date of the Arbitration Award; $47,121.00 in prompt payment penalties; and continuing prompt payment penalties on $47,040.00 of unpaid progress payments at the rate of 2% per month from May 27, 2001 until paid. Doc. 61, Ex. A.

On July 6, 2001, Opinski sent a demand letter to Explorer, seeking $295,799.78 from the surety under the Miller Act bond. *See* Doc. 62 & Doc. 61, Ex. F.

On August 15, 2011, Explorer issued a check for $268,392.88, representing the bulk of the demand. Along with the $268,392.88 check, Explorer sent Opinski a Rule 68 Offer of Judgment in the amount of $3,500.00. Doc. 68-2, Ex. A. The Offer stated in its entirety:

> Defendant Explorer Insurance Company hereby offers to allow entry of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure as follows: Judgment in favor of plaintiff Greg Opinski Construction, Inc. against defendant Explorer Insurance Company in the sum of THREE THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($3,500.00), which sum shall include all costs, pre-judgment interest, prompt payment penalties, expert witness fees, and attorney's fees otherwise recoverable in this action, so that the sum offered is the total amount to be paid to Greg Opinski Construction, Inc.

Doc. 68-2, Ex. A.

The Offer of Judgment was not accepted. Instead, Opinski filed a motion to reduce the

Arbitrator's Award to judgment against Braswell and Explorer in the amount of $41,253.84, representing Opinski's interpretation of the amounts still owing under the terms of the Arbitration Award and related sources of liability.  Docs. 59 & 60.  A November 17, 2011 Memorandum Decision and Order directed Judgment should be entered against Braswell "for the full amount of the remaining demand, $295,799.78, plus $8,877.50 in attorney's fees associated with filing this motion for a total judgment of $304,677.28," which was to be "offset by amounts already paid and to be paid by Explorer."  Doc. 66 at 16.  The Order also directed Judgment to be entered against Explorer "for the full amount of the remaining demand, $295,799.78 plus $8,877.50 in attorney's fees associated with filing this motion, less $34,526.36 (the difference between the $47,121.00 pre-award prompt payment penalties awarded by the Arbitrator plus $1,536.64 post-award prompt payment penalties calculated per the Arbitrator's instructions under California law, less the $14,131.28 Explorer agreed to pay under federal law), for a total judgment of $270,150.92," which was to be "offset by amounts already paid by Explorer."  *Id.*  At that time, the only proof of payment by explorer was in the form of the $268,392.88 check.  The $270,150.92 Judgment against Explorer, offset by $268,392.88, left a balance of $1,758.04 owed by Explorer.

### III. DISCUSSION

**A.     Threshold Issues:  Timeliness and Validity of Offer**

Rule 68(a) requires that any Offer of Judgment be made at least fourteen (14) days before the date set for trial.  Explorer's Offer was timely because, as of August 17, 2011, when Explorer made its Rule 68 Offer, there was no trial date on calendar.

Opinski notes in its Opposition's "statement of facts" that this Offer "was just [for] the $3,500 payment, and [] was not conditioned on [acceptance of] the check [for $268,392.88]...."  Doc. 70 at 2.  Opinski argues that, as a result, "at the time of the offer, if OPINSKI accepted the

3

$3,500 offer, a Judgment would have been entered for $3,500. Thus the offer was ambiguous and defective given the short 10-day window of tie on a Rule 68 offer." *Id*.[1] Even if, arguendo, the offer is treated as "ambiguous," as Opinski requests, the Court would be permitted to make reference to extrinsic evidence to discern the intent of the parties under normal rules of contract interpretation. *See Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1030 (D. Or. 1996) (citing *Herrington v. Roeser*, 37 F.3d 501, 504 (9th Cir. 1994)). The letter Explorer sent to Opinski along with the $268,392.88 check and the $3,500 Rule 68 Offer clearly associates the two sums, indicating that Explorer intended the $3,500.00 to be an offer in addition to the $268,392.88. See Doc. 68-2, Ex. A. Opinski fails to offer any contrary evidence or argument to suggest why the offer should be deemed invalid or inoperative.

### B.     Request for Costs, Including Attorney's Fees

When a Rule 68 offer of judgment is timely made and rejected, and the judgment finally obtained by the offeree "is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. Proc. 68(d). Explorer contends that because the $1,758.04 balance it owes under the Judgment is less than its $3,500.00 Offer of Judgment, it is entitled to post-offer costs, including attorney's fees.[2]

Attorney's fees may be awarded as costs under Rule 68 "only if those fees would have been properly awarded under the relevant substantive statute in [each] particular case." *UMG Recordings, Inc., v. Shelter Capital Partners LLC,* --- F.3d ---, 2011 WL 6357788, *20 (9th Cir. 2011) (citing *Marek v. Chesney*, 473 U.S. 1, 11 (1985)). Here, Explorer advances two substantive

---

[1] Notably, Opinski does not include this issue as one of the two "legal arguments" it makes in opposition to the instant motion.

[2] Opinksi argues that it in fact recovered <u>more</u> than $3,500.00 in the judgment because the net amount of the judgment entered against Explorer was $270,150.92. This is just a variation of Opinski's argument that the $3,500.00 offer was so ambiguous it could be interpreted as an offer for $3,500.00 alone, divorced from the $268,392.88 check sent along with it. As discussed above, the two sums must be considered together. Accordingly, there is no support for Opinksi's contention that the actual judgment it obtained against Explorer was greater than Explorer's Rule 68 Offer.

4

statutes as alternative bases for an award of attorney's fees. First Explorer argues that it is entitled to recover attorney's fees under California Code of Civil Procedure ("CCP") § 1033.5(1)(A), which provides that a prevailing party may recover attorney's fees as an element of costs if a contract between the parties so allows. In diversity cases, state law governs an award of attorney's fees, so long as the state statute does not conflict with a valid federal statute or procedural rule. *See Scottsdale Ins. Co v. Tolliver*, 262 F.R.D. 606, 611 (N.D. Okla. 2009). Here, however, Explorer has consistently maintained that its liability under the bond is governed by the federal Miller Act, rather than state law contract and surety principles. In large part, it was this argument that enabled Explorer to successfully resist entry of judgment against it for the full amount of Opinski's demand. Why then should Explorer's demand for attorney's fees be decided under state law? No party addresses this issue.

Even if, arguendo, CCP § 1033.5 does control the availability of attorney's fees under Rule 68 in this case, Explorer has failed to point to a contract that binds Opinski to pay any attorney's fees to Explorer. The subcontract between Opinski and Braswell provides for attorney's fees to be paid to the prevailing party in any dispute between them over the contract.[3] While the parties agreed that this bound Explorer as Braswell's surety to pay Opinski attorney's fees when Opinski succeeded on its underlying claim, Doc. 66 at 13, nothing in the subcontract suggests Opinski is bound in any way to pay <u>Explorer's</u> attorney's fees, as Explorer is not a party to that contract, *see* Doc. 65, nor has Explorer otherwise demonstrated that it is entitled to recover under the terms of the subcontract.

The lack of privity between Explorer and Opinski also dooms Explorer's alternative argument that the Miller Act itself permits recovery of attorney's fees when fee recovery is set

---

[3] Paragraph 23 of the Subcontract provides: "**ATTORNEY'S FEES**. In the event an action is filed by either party to enforce rights under this agreement, the prevailing party shall be entitled to recover a reasonable attorney's fee in addition to any other relief granted by the court...." Doc. 65 at p. 14 of 21.

5

forth in the underlying contract or bond.  The general rule is that attorney's fees are not recoverable under the Miller Act unless a contract so provided, *see Didomenico v. North American Construction Corp.*, 94 Fed. Appx. 598 (9th Cir. 2004).  Explorer has not pointed to any authority suggesting it should be permitted to recover attorney's fees from Opinski under the subcontract.  *See U.S. ex rel. Renegade Equip., LLC v. Western Sur Co.*, 2009 WL 2143637 (D. Alaska, July 15, 2009) (rejecting surety's argument that it should be permitted to recover attorney's fees under attorney's fees provision of subcontract to which surety was not a party).  Explorer has not established entitlement to attorney's fees under Rule 68.

### IV. CONCLUSION AND ORDER

For the reasons set forth above, Explorer's motion for attorney's fees as part of its costs under Rule 68 is DENIED.

SO ORDERED
Dated:  January 3, 2012

/s/ Lawrence J. O'Neill
**United States District Judge**